```
United States District Court
Eastern District of New York

------------------------------------X

James Matthew Schmidt,

          Plaintiff,                    **Memorandum and Order**

   - against -                          No. 20-cv-3594 (KAM)

Commissioner of the Social Security
Administration,

          Defendant.

------------------------------------X
```

**Kiyo A. Matsumoto, United States District Judge:**

Plaintiff James Matthew Schmidt ("Plaintiff") initiated this action against the Commissioner of the Social Security Administration ("SSA"), to challenge the SSA's adverse determination denying him Social Security Disability Insurance benefits ("SSDI Benefits"). (*See* ECF No. 1, Compl.) On May 16, 2022, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the matter to the SSA for further proceedings, after which Plaintiff received a fully favorable decision awarding him benefits. (*See* ECF No. 23, Order dated May 16, 2022; ECF No. 34, Pl. Mot.) Presently before the Court is Plaintiff's counsel's motion for a fee award of $30,362.00 under 42 U.S.C. § 406(b)(1)(A). (*See* ECF No. 33, Not. Mot.; ECF No. 34, Pl. Mot.) The SSA neither supports nor opposes Plaintiff's counsel's motion. (*See* ECF No. 36, Def. Resp.)

For the reasons set forth below, Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) is **GRANTED**. Counsel is awarded a fee of $30,362.00. Counsel shall refund the $8,000.00 fee previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to Plaintiff.

## BACKGROUND

In 2016, Plaintiff retained Seelig Law Offices to represent him at the initial administrative level in his application for SSDI Benefits. (ECF No. 34, Pl. Mot. at 5[1].) On May 31, 2016, Plaintiff, through counsel, filed his application for SSDI Benefits, alleging disability from multiple medical conditions as of February 23, 2012. (ECF No. 34, Pl. Mot. at 5-6.) The SSA denied Plaintiff's application on September 14, 2016. (ECF No. 34, Pl. Mot. at 6.) On January 3, 2019, Plaintiff appeared before Administrative Law Judge ("ALJ") Dina R. Loewy, who denied Plaintiff's claims. (ECF No. 34, Pl. Mot. at 6.) The SSA Appeals Council later upheld ALJ Loewy's decision. (ECF No. 34, Pl. Mot. at 6.)

Plaintiff continued to retain Seelig Law Office to represent him in the appeal of his application for SSDI Benefits. (ECF No. 34, Pl. Mot. at 6.) The retainer agreement between Plaintiff and counsel provides that the contingency fee paid for work on the

---

[1] All pin citations to the record refer to the page number assigned by the court's CM/ECF system.

appeal before the Federal District Court would be 25% of all retroactive or past due SSDI Benefits alongside other approved fees in connection to work performed at the administrative level. (*See* ECF No. 35-1, Pl. Ex. A, Ret. Agrmt. at 2.)

Plaintiff commenced the instant action on August 10, 2020. (ECF No. 1, Compl. at 1.)  The parties filed cross-motions for judgment on the pleadings, which were fully briefed as of August 10, 2021.  On May 16, 2022, the Court granted Plaintiff's motion and denied Defendant's motion. *See Schmidt v. Comm'r of Soc. Sec.*, No. 20-cv-3594 (KAM), 2022 WL 1540054 (E.D.N.Y. May 16, 2022).  On August 10, 2022, the Court granted the Parties' stipulated request to award Plaintiff's counsel $8,000.00 in attorney's fees and $400.00 in costs under the EAJA.  (*See* ECF No. 26, Order dated Aug. 10, 2024.)  On remand, ALJ Loewy issued a fully favorable decision, and Plaintiff was approved for benefits during the requested time period.  (ECF No. 34, Pl. Mot. at 6.)

On January 14, 2024, the SSA mailed Plaintiff a Notice of Award letter informing him of his past-due benefits, and that the SSA withheld a sum of $60,462.00 as possible attorney's fees under 42 U.S.C. § 406 for representation before the SSA and this Court. (ECF No. 35-2, Pl. Ex. B, Not. of Award at 4-5.)  Upon receiving a copy of this Notice, Plaintiff's counsel filed a motion for attorney's fees pursuant 42 U.S.C. § 406(b)(1)(A) before this Court on January 28, 2024, while Plaintiff's counsel's motion for

3

attorney's fees pursuant to 42 U.S.C. § 406(a) was still pending at the administrative level. (ECF No. 27, Pl. Mot. for Att'y Fees dated Jan. 28, 2024.) On February 20, 2024, this Court issued an Order denying the motion without prejudice and directing Plaintiff's counsel to file a renewed Section 406(b) motion after the SSA issued a decision on counsel's pending Section 406(a) motion. (*See* ECF Dkt. Order dated Feb. 20, 2024.) After the SSA issued a decision, Plaintiff's counsel filed the instant motion for attorney's fees on November 20, 2024.[2] (*See* ECF No. 34, Pl. Mot.)

## LEGAL STANDARD

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b)(1)(A);

---

[2] As a threshold matter, the Court finds that Plaintiff's counsel has complied with the enlarged filing period set by the Court. *See, e.g.*, *Rivera v. Saul*, No. 20-cv-7215 (CS), 2024 WL 4986967, at *3 (S.D.N.Y. Dec. 5, 2024) (finding Mr. Seelig and Ms. Flom observed the court's enlarged filing period with their filings). Moreover, the SSA does not contest the timeliness of Plaintiff's counsel's motion. (*See* ECF No. 36, Def. Resp. at 1–2.) The Court, therefore, finds that the motion was filed timely within the Court's extended filing deadline. *See Sinkler v. Berryhill*, 932 F.3d 83, 90 (2d Cir. 2019) ("Where . . . [Fed. R. Civ. P. 54(d)(2)(B)] affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case."); *Saunders v. Comm'r of Soc. Sec.*, No. 19-cv-22 (RA), 2024 WL 4696022, at *3 (S.D.N.Y. Nov. 6, 2024) ("[T]he Court exercises its discretion to 'enlarge the filing' period for the motion and deems it timely") (quoting *Sinkler*, 932 F.3d at 89)).

4

*accord Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *Dorta v. Saul*, No. 18-cv-396 (JLC), 2021 WL 776446, at *1 (S.D.N.Y. Mar. 1, 2021).

Even if the claimant has agreed to a contingency fee arrangement, Section "406(b) calls for court review of such arrangements as an independent check," *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), considering: (1) whether the amount in controversy exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the contingency fee agreement; and (3) whether the amount is a windfall to the attorney.  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990) (citations omitted).

When evaluating whether the amount of fees is a windfall, courts in the Second Circuit assess:

> (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Fields v. Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022). Indeed, "courts must consider more than the de facto hourly rate" when evaluating the reasonableness of an award because "even a relatively high hourly rate may be perfectly reasonable, and not

5

a windfall, in the context of any given case." *Fields*, 24 F.4th at 854. The Second Circuit has further cautioned that "the windfall factor does not constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id*. at 854. Ultimately, a federal district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id*. at 852-53 (quoting *Wells*, 907 F.2d at 371).

Should fees be awarded to a plaintiff's attorney under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

## DISCUSSION

Plaintiff's counsel argues that the requested fee is reasonable because (1) the amount requested does not exceed the statutory twenty-five percent cap; (2) the amount requested is reasonable in comparison to the total value of the case to Plaintiff; and (3) Plaintiff's counsel has extensive experience litigating Social Security disability cases and "devoted considerable time and careful attention to Plaintiff's case since

6

initially retained." (ECF No. 34, Pl. Mot. at 11-15.) The SSA "neither supports nor opposes counsel's request for attorney's fees." (ECF No. 36, Def. Resp. at 1.)

## I. Percentage of the Total Past-Due Benefits

First, the Court finds that the requested $30,362.00 is not greater than 25% of Plaintiff's past-due benefits. The Notice of Award states that Plaintiff was awarded $184,307 in past due benefits, 25% of which would be $46,076.75. (ECF No. 35-2, Not. Award at 3.) Moreover, the fee agreement between Plaintiff and counsel also states that the "contingency fee paid to this firm for work at the Federal District Court level shall be 25% of all retroactive or past due social security disability benefits." (ECF No. 35-1, Ret. Agrmt. at 2.)

## II. Evidence of Fraud or Overreaching in the Contingency Fee Agreement

Second, the record does not reveal any evidence or suggestion of fraud or overreaching in the negotiation of the contingency fee agreement. Neither Plaintiff's counsel nor the SSA raise any objection to the fee agreement's terms or execution. (*See* ECF No. 34, Pl. Mot. at 11-15; ECF No. 36, Def. Resp. at 1-2.) Thus, "absent fraud or overreaching, courts must enforce such private contingency fee agreements, which are, after all, embodiments of the intentions and wishes of the parties." *Wells,* 907 F.2d at 367 (citing *Venegas v. Mitchell*, 495 U.S. 82, 89 (1990)); *see, e.g.,*

7

*Hill v. Comm'r of Soc. Sec.*, No. 20-cv-3821 (PKC), 2023 WL 4827265, at *3 (E.D.N.Y. July 27, 2023) (enforcing fee agreement where neither party presented evidence suggesting fraud or overreaching in its formation).

**III. Whether the Amount of Fees is a Windfall**

Third, the Court is satisfied that the fee of $30,362.00 is appropriate and does not constitute a windfall. In support of the motion, Plaintiff's counsel has submitted billing records indicating that Richard B. Seelig and Beret L. Flom worked together for a total of 39.2 hours on Plaintiff's appeal in this Court. (ECF No. 35-3, Pl. Ex. C, Billing Records.) "District courts within this Circuit endorse a twenty to forty-hour range as 'reasonable' for 'a typical Social Security disability appeal in federal court.'" *Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (quoting *Rivera Hernandez v. Comm'r of Soc. Sec. Admin.*, No. 19-cv-04025 (PAE) (KHP), 2020 WL 2765866, at *3 (S.D.N.Y. May 28, 2020)). Thus, the 39.2 hours expended by Plaintiff's counsel in this case falls within the high end of this reasonable range. Moreover, the Court calculates a de facto hourly rate of $774.54,[3] which falls well within the range of effective hourly rates that have been deemed reasonable for social security litigation by courts in this Circuit. *See Munoz*

---

[3] The Court calculated the de facto hourly rate by dividing the requested fee amount ($30,362.00) by the number of hours worked (39.2 hours).

8

*v. Comm'r of Soc. Sec.*, No. 20-cv-2496 (KAM), 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023) (awarding fees pursuant to § 406(b) with de facto hourly rate of $790.00); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637–38 (S.D.N.Y. 2018) (collecting cases awarding fees pursuant to § 406(b) where de facto hourly rates between $2,100 and $1,072.17 were deemed reasonable).

Further, Plaintiff's counsel are experienced attorneys who secured a successful outcome for Plaintiff and advocated on his behalf for over eight years. (ECF No. 34, Pl. Mot. at 5, 13-14.) Indeed, courts in this district have previously recognized counsels' credentials and expertise. *See Lopez v. O'Malley*, No. 20-cv-07912 (MKV) (SDA), 2024 WL 5405626, at *2-4 (S.D.N.Y. June 27, 2024), *report and recommendation adopted*, 2025 WL 487296 (S.D.N.Y. Feb. 13, 2025) (noting Mr. Seelig and Ms. Flom "clearly specialize in social security law and possess the requisite ability and expertise"). Mr. Seelig, who primarily supervised Ms. Flom, has considerable experience in Social Security disabilities representation, having "represented Social Security claimants[, for which he has consistently achieved successful outcomes,] since he began practicing law over a decade ago." (ECF No. 34, Pl. Mot. at 14; ECF No. 35, Seelig Decl. ¶ 8); *Frank v. Saul*, No. 20-cv-4400 (MKB), 2024 WL 4252037, at *2 (E.D.N.Y. Sept. 20, 2024); *Henrich v. Acting Comm'r of Soc. Sec.*, No. 22-cv-3472 (AMD), 2024 WL 4043681, at *3 (E.D.N.Y. Sept. 3, 2024) (finding that the

9

plaintiff's attorneys had "extensive experience in Social Security disabilities representation" where they had worked for approximately ten years and handled "thousands of administrative hearings and federal appeals"). Similarly, Ms. Flom primarily handles Social Security cases that have "result[ed] in . . . clients obtaining remands in the vast majority of her cases." (ECF No. 35, Seelig Decl. ¶¶ 9-11); *see also Kilgour v. Comm'r of Soc. Sec.*, No. 19-cv-3809 (PKC), 2022 WL 2918235, at *3 (E.D.N.Y. July 25, 2022) (noting "Beret L. Flom[] has impeccable credentials").

Based on the foregoing, the Court finds that Plaintiff's counsel's experience allowed them to accomplish "in a relatively short amount of time what less specialized or less-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854; *Mannouris v. Comm'r of Soc. Sec.*, No. 20-cv-9790 (AT) (BCM), 2023 WL 9118792, at *4 (S.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) ("Nor should the Court penalize counsel at the fee stage for achieving a good result in an efficient manner.").

Moreover, considering "the nature and length of the professional relationship with the claimant," the Court acknowledges that Seelig Law Offices has maintained representation of Plaintiff from the start of Plaintiff's SSDI Benefits application process. *Fields*, 24 F.4th at 855; (ECF No. 34, Pl.

10

Mot. at 5.) Over the span of eight years, Plaintiff's counsel filed both appeals before the SSA Appeals Council and this Court, which included a motion for judgment on the pleadings, a remand, and continued representation of Plaintiff at the agency level on remand. (ECF No. 34, Pl. Mem. at 5-6.) Plaintiff's counsel, therefore, have a "more extensive" relationship with Plaintiff that would "enable [counsel] to advocate more efficiently for . . . [P]laintiff before this Court." *Figueroa v. Comm'r of Soc. Sec.*, No. 22-cv-3759 (SLC), 2024 WL 5039633, at *4 (S.D.N.Y. Dec. 9, 2024) ("[R]epresentation at the agency level indicates a more extensive relationship that may enable an attorney to advocate more efficiently for a plaintiff before th[e] Court.") (citing *Munoz*, 2023 WL 5310742, at *3); *Fields*, 24 F.4th at 856 (finding counsel's "efficient and effective representation . . . drew upon [their] substantial experience and expertise and was informed by . . . representation . . . through years of agency proceedings").

Although Plaintiff has not submitted an affidavit in support or opposition to his counsel's request for fees, Plaintiff received a satisfactory outcome in this case. *Magno v. Comm'r of Soc. Sec.*, No. 21-cv-01863 (KAM), 2023 WL 7017080, at *1 (E.D.N.Y. Oct. 25, 2023). Seelig Law Offices identified the relevant errors with the SSA's decision and successfully argued for remand to the SSA. Plaintiff subsequently was awarded $184,307 in past-due benefits and will receive monthly benefits of $2,921 moving forward—the

11

exact result that Plaintiff hoped for. (ECF No. 35-2, Not. Award at 2); *see, e.g.*, *Fields*, 24 F.4th at 855 (attorneys' efforts were "particularly successful" when claimant received fully favorable decision from the SSA and six-figure award of past-due benefits); *Miller v. Comm'r of Soc. Sec.*, No. 20-cv-5214 (PKC), 2023 WL 5002789, at *3 (E.D.N.Y. Aug. 4, 2023) (noting that it appears that "counsel's thorough briefing . . . and . . . advocacy before the agency on remand achieved the exact result Plaintiff sought—an award of past-due and future benefits.").

Finally, the Court finds that Plaintiff's counsel faced a high level of uncertainty in securing Plaintiff's favorable outcome. "Lawyers who operate on contingency-even the very best ones-lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Although Plaintiff's claim was not rejected multiple times as in *Fields*, counsel nonetheless faced significant uncertainty given the case's "complex issues", including navigating an extensive evidentiary record exceeding one thousand pages. (ECF No. 35-4, Pl. Ex. D, Not. of Fee Det. at 4); *Fields*, 24 F.4th at 856 ("[T]he case went back up to the district court several times and, until the end, it was not clear how it would come out."); *see Santiago v. Comm'r of Soc. Sec.*, No. 19-

cv-4001 (KPF) (KNF), 2020 WL 7335310, at *4 (S.D.N.Y. Dec. 14, 2020) (finding 50 hours reasonable in case where "the legal issues . . . were not unusually complex" but the 1,113-page record was "larger than average" and took significant time to review). Plaintiff's counsel prepared pre-hearing briefs in all stages of the agency adjudication, including "three hearings before two different ALJs." (Not. Fee Det. at 4.)

Further, the SSA found enough merit in its case to cross-move for judgment on the pleadings rather than stipulate to remand, (ECF No. 22, Def. Cross Mot. J. Plead.), demonstrating that a favorable outcome was less than certain and requiring the attorneys to utilize significant resources in securing the outcome. *See, e.g., Iroakazi v. Kijakazi*, No. 18-cv-8193 (VB), 2023 WL 8846565, at *5 (S.D.N.Y. Dec. 21, 2023) (finding cross-motions for judgment on the pleadings reflected the difficulty of the case); *Tracy L. v. Comm'r of Soc. Sec.*, No. 18-cv-01250 (EAW), 2022 WL 1536711, at *2 (W.D.N.Y. May 16, 2022) ("[C]ourts have found to be reasonable rates *in excess* of the rate counsel seeks . . . especially where plaintiffs have prevailed on motions for judgment on the pleadings." (emphasis added)).

## CONCLUSION

For the reasons set forth above, Plaintiff's counsel's motion for attorney's fees is **GRANTED**. The Court approves an award of fees in the amount of $30,362.00, pursuant to 42 U.S.C.

13

§ 406(b)(1)(A), to be paid by the SSA out of Plaintiff's withheld past due benefits, in accordance with agency policy. If Plaintiff's counsel has not already refunded to Plaintiff the $8,000.00 in EAJA fees previously awarded under 28 U.S.C. § 2412(d), Counsel is directed to do so within seven days of this Order and shall submit a letter advising the Court that the EAJA fees have been refunded to Plaintiff no later than September 26, 2025. *See Gisbrecht,* 535 U.S. at 796.

**So ordered.**

Dated:   September 19, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

14